IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RONNIE GASPARD, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:21-cv-1156 |
| | § | |
| KROGER TEXAS L.P. | § | |
| Defendant, | § | JURY DEMANDED |

## PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, RONNIE GASPARD, hereinafter referred to as Plaintiff, complaining of KROGER TEXAS, L.P., HENPIL, INC., and LEGACY MUTUAL, LLC, INDIVIDUALLY AND DOING BUSINESS AS KROGER #328, hereinafter referred to as Defendants, and files this his Amended Complaint, and for cause of action would show to the Court as follows:

### Parties and Jurisdiction

1. Plaintiff, RONNIE GASPARD, is an individual who resides in Keller, Tarrant County, Texas.

2. Defendant, KROGER TEXAS, L.P. is an Ohio corporation doing business in the State of Texas. Defendants have been served and are before the Court.

3. At all times relevant, the non-resident Defendant has had continuing and systematic contact with the State of Texas by doing business in the State of Texas.

4. Defendants store wherein the acts alleged in this Complaint occurred is in the Northern District of Texas. Defendants have purposefully availed themselves of the privilege and benefits of placing its products into the stream of commerce in Texas and hereby conduct business in the State of Texas.

## Venue

5. At all times material to this incident, Defendants were doing business in and throughout the Northern District of Texas.

6. The incident made the basis of this suit occurred in the Northern District of Texas.

7. Venue in this case is proper in the Northern District of Texas by virtue of Title 28 U.S.C. §1391(a)(1)(2) and/or (3). As a corporation, a Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. 1391 (c). Therefore, Defendants are subject to personal jurisdiction in the Northern District of Texas and for venue purposes are deemed to reside in the Northern District of Texas. Furthermore, the incident involved in this case occurred in the Northern District of Texas.

## Factual Background

8. On or about September 16, 2019, Plaintiff was a business invitee on the premises of Defendants' Kroger Store located at 976 Keller Pkwy, Keller, Tarrant County, Texas.

9. Plaintiff was walking in the store when he tripped due to a display and fell to the floor cutting his left arm, knee, and leg. This incident, and the injuries resulting therefrom, was proximately caused by the negligent acts and/or omissions of the Defendants acting through its agents, servants, employees and/or representatives.

10. As a result of the fall, Plaintiff suffered severe and permanent personal injuries.

11. Plaintiff sought medical attention for the injuries which occurred due to the events that occurred at Defendants' premise.

12. Defendant was the owner, possessor, occupier and/or maintained control of the premise located at 976 Keller Pkwy, Keller, Tarrant County, Texas.

13. As a owner, possessor, occupier and/or controller of the premises, Defendant had a duty to maintain the premises in a condition that would not pose an unreasonable risk of harm, including

the area of the premises where Plaintiff was injured.

14. Defendants, as owner, possessor, controller, occupier and or agent of said owner, possessor, controller and/or occupier of the subject premises located at 976 Keller Pkwy, Keller, Tarrant County, Texas, owed Plaintiff a duty to exercise reasonable care for his safety.

15. All of Plaintiff's injuries occurred as a direct result of the fall that was proximately caused by the unreasonably dangerous condition described herein, which Defendant knew existed, or, in the use of ordinary care, should have known existed.

## Premises Liability

16. Defendants' negligent acts and/or omissions of said premises include, but are not limited to:
    a. Failing to maintain said premises in a reasonable condition;
    b. Failing to inspect said premises;
    c. Failing to make reasonable repairs to said premises; AND
    d. Failing to warn of a dangerous condition of said premise.

17. Defendants owed a duty to exercise ordinary care, including the duty to discover any unreasonably dangerous conditions existing on the premises.

18. Defendants, at the time of the incident, as a possessor and occupier of the premise owed the Plaintiff a non-delegable duty to maintain its premises in a safe condition.

19. Defendant as possessor of said premises, knew or should have known of the unreasonably dangerous condition created by the display that caused Plaintiff's injuries and Defendant neither corrected nor warned Plaintiff of the unreasonably dangerous condition.

20. Defendants ignored the foreseeable and preventable hazard on its premises, failed to take reasonable steps to discover and correct the hazard, and failed to warn Plaintiff of the existence of the hazardous condition of the premises although the condition had likely existed for a period of time that It should have been discovered and corrected.

21. Plaintiff had no knowledge of the dangerous condition and could not have reasonably been expected to discover it prior to the incident.

22. Defendants creation of the dangerous condition, failure to correct the condition and/or failure to warn the Plaintiff of the condition constitutes negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiffs resulting injuries.

23. At all times material and relevant to this action, Defendants' employees were acting within the course and scope of their duties and employment with said Defendant. Thus, Defendants are vicariously liable for the negligent conduct of their employees/servants under the common law doctrine of respondeat superior.

24. The above and foregoing acts and/or omissions were a proximate cause of Plaintiff's injuries and damages and were committed and/or omitted by Defendants, its agents, servants, and/or employees in the course and scope of its agency, representation, or employment.

### Damages

25. As a result of the injuries Plaintiff sustained due to the incident, made the basis of this suit, Plaintiff has incurred necessary hospital and medical expenses and will continue to incur medical expenses in connection with said injuries for an undetermined length of time in the future.

26. Plaintiff would further show that as a result of the negligence of the Defendants, and the injuries to Plaintiff caused solely by the said negligence of said Defendants, Plaintiff has experienced extreme physical pain in the past, suffering and mental anguish in the past, disfigurement; and, in all probability, will be forced to endure physical pain, suffering, and mental anguish for an undetermined length of time in the future and probably for the rest of his life.

### Jury Demand

27. Plaintiff respectfully requests that a jury be impaneled to decide the factual issues of this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final determination of this cause of action, Plaintiff recover judgment against Defendant for:

a. A judgment in excess of the jurisdictional limits of this Court;

b. Pre-judgment interest;

c. Post-judgment interest;

d. Costs of Court; and

e. All such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**PROVOST ★ UMPHREY LAW FIRM, L.L.P.**
490 Park Street
P.O. Box 4905
Beaumont, Texas 77704
(409) 835-6000
FAX: (409) 813-8605

BY: _____
Colin D. Moore
State Bar No. 24041513
cmoore@pulf.com

-AND-

Majed Nachawati
State Bar No. 24038319
mn@fnlawfirm.com
**FEARS NACHAWATI LAW FIRM**

5473 Blair Road
Dallas, Texas 75231
214-890-0711
214-890-0712 (fax)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has ben forwarded to all counsel of record in this cause of in accordance with the Federal Rules of Civil Procedure on December 13, 2021.

_____
Colin D. Moore